**UNITED STATES of America ex rel. John J. BOWER**

**v.**

**William J. BANMILLER, Superintendent, Eastern State Correctional Insti., Philadelphia, Pennsylvania (now A. T. Rundle, Superintendent).**

**Misc. No. 2646.**

United States District Court
E. D. Pennsylvania.

Aug. 3, 1964.

John J. Bower, petitioner, in pro. per.

BODY, District Judge.

John J. Bower has filed his second petition in this Court for a writ of habeas corpus. Bower was tried by a jury and convicted of murder in Union County, Pennsylvania, in May of 1959, and received a life sentence. The petitioner did not appeal this sentence to a higher court, and is currently incarcerated in the State Correctional Institution, Philadelphia, Pennsylvania.

At the trial certain records of criminal convictions were introduced. Petitioner

claims that these records pertained to another individual with a similar name. A petition for a writ of habeas corpus so alleging and claiming therefor a denial of due process was filed in Union County Common Pleas Court in January 1961, and denied in May 1961. Petitioner then appealed to the Supreme Court of Pennsylvania which ordered a hearing on the factual issues without ruling on any legal issues. Commonwealth ex rel. Bower v. Banmiller, 405 Pa. 516, 176 A.2d 445 (1962). Pursuant to this order a hearing was held by the Honorable Harry B. Crytzer on February 8, 1962 limited to the factual issues of the case, and on February 19, 1962 the petition was dismissed due to the fact that Judge Crytzer found that the prior convictions, Commonwealth's Exhibits Nos. 26, 27, 28 and 29, were not admitted into evidence but were identified by a witness reading only the term and number of the convictions plus the title, "Commonwealth vs. John Jay Bower Jr." This action was affirmed by the Supreme Court of Pennsylvania. Commonwealth ex rel. Bower v. Banmiller, 407 Pa. 25, 178 A. 2d 589 (1962).

On May 18, 1962 petitioner filed another petition for a writ of habeas corpus with the Supreme Court of Pennsylvania averring that he was not present at the hearing held by Judge Crytzer on February 8, 1962, and was not represented by counsel. In view of these allegations the Supreme Court ordered a further hearing to be held by the lower court with petitioner being present with counsel. After this hearing, attended by petitioner and his counsel, Judge Crytzer filed an opinion on May 30, 1963 again dismissing the petition and reasserting his previous findings: (1) That the said criminal convictions were not introduced in evidence, not submitted to the jury, but were marked for identification only; (2) That the Trial Judge did not err when he did not discuss with the jury the exhibits that were marked and not offered in evidence; (3) That the alleged perjury of a state witness did not come within the scope of the hearing and that matters such as this should have been raised on appeal.

Thereafter, a petition was filed in this Court on August 13, 1963 which was dismissed on September 25, 1963 for failure to exhaust available state remedies. Petitioner then wrote the Supreme Court of Pennsylvania in a letter dated November 7, 1963 asking, in general, what steps he should take next; and a letter from the Prothonotary of the said court stated, inter alia:

"* * * Our records show that you did not appeal Judge Crytzer's order, and the time for so appealing has long since expired.

"Therefore, it is my understanding of the law that you have now exhausted your State rights."

As to whether or not we should consider this letter as an exhaustion of remedies we do not decide, but adjudicate the case solely on its merits.

Petitioner was afforded the opportunity to appear before this Court on April 30, 1964 to enable him to present all evidence in support of his petition. At this hearing Bower appeared and contended in essence that he was denied due process of law because: (1) A conspiracy existed between a witness and the police; (2) Perjury of the said witness; (3) Certain exhibits marked "Commonwealth Exhibits Nos. 26, 27, 28 and 29" which in the original trial were introduced as criminal convictions as to the relator when, in fact, they concerned another person of similar name.

A careful review of all of the opinions, and all of the records consisting of petitions, letters, testimony, and the like, indicates that the petition filed by Bower is without merit. Petitioner has failed to prove his allegations to this Court. These allegations all have been determined by the state courts, and I am in concurrence with those findings. If there were errors, and I am convinced there were none, the mistakes were properly and completely remedied. The questions raised by the petitioner are not questions that should be raised in a ha-

beas corpus proceeding in this Court, but are questions that should have been raised on appeal. Habeas corpus cannot be used as a substitute for an appeal. Brown v. Allen, 344 U.S. 443, 485, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

The admissibility of testimony and the sufficiency of evidence are matters for appeal and will not be considered in habeas corpus proceedings. United States ex rel. Saunders v. Myers, 276 F.2d 790 (3d Cir. 1960).

## ORDER

And now, this third day of August, 1964, in accordance with the foregoing opinion, it is ordered that the petition of John J. Bower for a writ of habeas corpus be and the same is hereby denied.