Leonard DeHAM, Appellant,

v.

Bill DECKER, Sheriff of Dallas County, Texas, Appellee.

No. 22873.

United States Court of Appeals
Fifth Circuit.

June 2, 1966.

Emmett Colvin, Jr., Charles W. Tessmer, Dallas, Tex., for appellant.

Gilbert J. Pena, Larry J. Craddock, Asst. Attys. Gen. of Texas, Waggoner Carr, Atty. Gen. of Texas, Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for appellee; W. C. Lindsey, Crim. Dist. Atty., Jefferson County, Tex., Jim Vollers, Asst. Dist. Atty., Jefferson County, Tex., of counsel.

Before RIVES and BELL, Circuit Judges, and FULTON, District Judge.

PER CURIAM:

Appellant was indicted for the felony theft by false pretext of two money orders totaling ninety dollars. He was tried before a jury and a verdict of guilty was returned. His conviction was affirmed by the Texas Court of Criminal Appeals. DeHam v. State of Texas, 389 S.W.2d 955 (1965). That court also denied appellant's application for a writ of habeas corpus. Appellant then petitioned the U. S. District Court for habeas corpus relief. The petition was denied but a certificate of probable cause was granted to pursue an appeal to this Court under 28 U.S.C.A. § 2253.

The appeal originally raised two issues. However, on oral argument appellant's counsel abandoned his contention that the trial court's refusal to admit certain testimony amounted to a deprivation of appellant's constitutional rights. Thus, the sole issue before this Court is whether the evidence in support of the conviction was so insufficient as to amount to a violation of due process.

Stated differently, the sole issue presented is whether there was a total absence of evidence to support the jury verdict. Young v. Boles, 343 F.2d 136, 138 (4th Cir. 1965).

Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654, 80 A.L.R.2d 1355 (1960) held it to be a denial of due process for a state to convict where there is *no* evidence of guilt. The record in this case clearly demonstrates that the jury verdict was not so totally devoid of evidentiary support as to raise a constitutional issue. Grundler v. State of North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). As stated in *Grundler,* at page 802:

"It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented."

The petition for habeas corpus relief, together with the record of the trial court proceedings, plainly demonstrates that no federal question has been presented.

The order of the District Court is therefore

Affirmed.

This Court takes notice of the fact that the verdict of guilty was returned February 21, 1963 and that appellant has remained free on bond. No stay of mandate will be issued by this Court if appellant should petition the Supreme Court for a writ of certiorari.