**UNITED STATES of America ex rel. Peter SIMMONS**

**v.**

**COMMONWEALTH OF PENNSYLVANIA.**

**Misc. No. 3982.**

United States District Court
E. D. Pennsylvania.

Nov. 18, 1968.

Peter Simmons, pro se.

## MEMORANDUM AND ORDER.

### MASTERSON, District Judge.

The relator, Peter Simmons, currently is incarcerated in the Eastern State Correctional Institution in Philadelphia, Pennsylvania, serving a sentence of one to five years imprisonment imposed upon him by the Honorable Edward Bradley, Judge of the Court of Quarter Sessions of Philadelphia County, Pennsylvania, on June 28, 1967. On July 5, 1968, pursuant to Title 28 U.S.C. § 1915, the relator was granted leave to proceed in this Court in forma pauperis for the purpose of petitioning for a writ of habeas corpus pursuant to Title 28 U.S.C. § 2241 et seq. For reasons discussed below the relator's petition for a writ of habeas corpus is denied.

In November, 1966, the relator was charged with the commission of three separate criminal offenses, i.e. larceny of a motor vehicle, larceny of the license tags of the motor vehicle, and burglary of a motor vehicle. See, respectively, Bills of Indictment Nos. 1249, 1252, and

1250, of the December Sessions, 1966, of the Court of Quarter Sessions, Philadelphia. On March 20, 1967, he was arraigned and pled not guilty to each of these three charges. On that day he waived his right to a jury trial and was tried on all three charges before Judge Bradley of the Court of Quarter Sessions, Philadelphia County. On March 21, 1967, Judge Bradley sustained the relator's demurrers to Bills No. 1249 and 1252, and· adjudged the defendant guilty on Bill No. 1250, which, as noted above, charged the defendant with burglary of a motor vehicle. In an order and opinion dated December 11, 1967, Judge Bradley denied the relator's motion for a new trial and the relator's motion in arrest of judgment. The relator's conviction was affirmed by the Pennsylvania Superior Court on February 13, 1968, See, Commonwealth v. Simmons, October Term, 1967, 211 Pa. Super. 768, 237 A.2d 844 (1968), and his subsequent petition for allocatur to the Pennsylvania Supreme Court was denied by per curiam order dated May 31, 1968. Shortly thereafter he commenced his current petition for a writ of habeas corpus here.

On August 23, 1968, after authorizing the relator to proceed in forma pauperis the Court, pursuant to Title 28 U.S.C. § 2243, ordered the respondent, and the District Attorney of Philadelphia County, to show cause within twenty days why the relator's petition for a writ of habeas corpus should not be granted. At that time the Court also ordered the Prothonotary of the Court of Quarter Sessions of Philadelphia County to produce here the record of all proceedings in the relator's case. The state record indicated that none of the constitutional contentions raised here by the relator involved disputed issues of fact, and, accordingly, it was decided that a federal evidentiary hearing would not be necessary. See, Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963), and United States ex rel. Montanez v. Rundle, 226 F.Supp. 118,

119 (E.D.Pa., 1964). Also, since the petition raised no complicated factual issues requiring the aid of "* * * experienced trial counsel to sift through a complicated record * * *", United States ex rel. Robinson v. Myers, 222 F. Supp. 845, 848 (E.D.Pa., 1963), aff'd 3 Cir., 326 F.2d 972, the Court decided that it would be un-necessary to appoint counsel to represent the petitioner. This latter decision is consistent with cases interpreting Title 28 U.S.C. § 1915 which have ruled consistently that petitioners proceeding in forma pauperis are not entitled to court-appointed counsel as a matter of right. See, Sanders v. United States, 373 U.S. 1, 13, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

The relator has asserted two arguments in support of his contention that he is being detained in violation of rights secured by the Constitution of the United States:

1) his right to the effective assistance of counsel, under the Sixth and Fourteenth Amendments, was denied because he did not have counsel at his preliminary hearing on November 29, 1966; and

2) his right to be tried in accordance with due process of law was violated because the trial judge rejected the credibility of an alibi witness who testified in his behalf at trial and because there was insufficient evidence to sustain the verdict.

Both the relator's and the Commonwealth's briefs which were presented during the course of the relator's appeals from his conviction, indicate that the relator advanced in the state courts only the single contention that the evidence presented at his trial was insufficient to support a verdict of guilty. In these circumstances it is proper for this Court to consider at the present time only this single argument. See, Title 28 U.S.C. § 2254(b) and (c). Cf. Anderson v. Johnson, 371 F.2d 84 (C.A. 6, 1966). Before this Court rules upon any of the relator's other contentions, such as his argument regarding the absence of

counsel at the magistrate's hearing, the relator must present these contentions to the state tribunals through any procedures available to him there. See, Title 28 U.S.C. § 2254(b). It is undisputed that the relator has satisfactorily exhausted all available state remedies in regards to his challenge upon the sufficiency of the evidence.

■■ It is clearly established that a federal court, when collaterally reviewing a state conviction challenged on the basis that it was not supported by the evidence, is to inquire *only* whether there was *any* evidence to support the conviction. See, e. g. Garner v. Louisiana, 368 U.S. 157, 163, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961); United States ex rel. DeMoss v. Pennsylvania, 316 F.2d 841, 842–843 (C.A. 3, 1963); Young v. Boles, 343 F.2d 136, 138 (C.A. 4, 1965), and United States ex rel. Gaspero v. Pennsylvania, 267 F.Supp. 316, 319 (E. D.Pa.1966). The cases have held that federal jurisdiction is established only when the petitioner has alleged that there was a total absence of evidence to support a guilty verdict. See, e. g. Deham v. Decker, 361 F.2d 477 (C.A. 5, 1966), and Edmondson v. Warden, Maryland Penitentiary, 335 F.2d 608, 609 (C. A. 4, 1964). To permit a federal court acting upon a petition for a writ of habas corpus to inquire further than this into allegations challenging the sufficiency of the evidence presented at a state criminal trial, would be to improperly convert the federal court into a substitute for a state appellate court. See, e. g. United States ex rel. Bower v. Banmiller, 232 F.Supp. 627, 628–629 (E.D. Pa., 1964).

■ In his petition the relator has not specifically alleged that there was a "total absence of evidence to support his state conviction." Therefore, it would be technically proper for this Court to summarily deny his petition on the basis that the complaints which he has advanced should not be considered in habeas corpus proceedings. See, e. g. United States ex rel. Bower, supra, 232 F.Supp. at 629. Because petitioners for habeas corpus relief often are uneducated and un-trained in the niceties of the law, however, petitions for habeas relief should be interpreted in a liberal fashion. Cf. Pembrook v. Wilson, 370 F.2d 37 (C.A. 9, 1966), and McKinney v. Taylor, 344 F.2d 854 (C.A. 10, 1965). Even if this petition is construed as advancing a contention that there was no evidence to support the relator's conviction, the petition is clearly without merit.

At the relator's trial the Commonwealth produced three witnesses whose testimony was directly relevant to the charge of burglary of a motor vehicle: Charles J. Coyle, the Director of a School of Aeronautics located near the scene of the crime, who was the only eye-witness to the crime and who identified the relator at trial; Officer Robert Chandler of the Philadelphia Police Department, who arrested the relator and his co-defendant; and, Frederick C. Eichorn, the owner of the burglarized car. The relator's evidence was limited to his own testimony, in which he denied any involvement in the crime and attempted to establish an alibi, and the testimony of Willis Outlaw, a gas-station attendant who was called for the purpose of verifying the defendant's alibi. There was, therefore, a direct contradiction in the relevant evidence, and, as Judge Bradley noted, the case against both the relator and the co-defendant tried with him, Frederick Sutton, turned " * * * to a large extent on the credibility of Mr. Coyle's testimony." (N.T. p. 123). Judge Bradley resolved this contradiction by finding the relator guilty and by acquitting Sutton.

Initially, it is clear that the trial judge properly exercised his function as the sole fact-finder by resolving the contradictions in the testimony by making determinations as to the relative credibility of the witnesses. His rejection of the credibility of the relator and of the relator's alibi witness was justified both by the internal contradictions in their testimony and by the strong rebuttal

**834**

evidence presented by the Commonwealth.

■ Although no evidence suggested that the relator himself actually broke into the car, the evidence presented clearly provided a firm basis for concluding that he was culpable as a principal in the second degree. See, Act of June 24, 1939, P.L. 872, § 903, 18 P.S. § 4903, Act of June 24, 1939, P.L. 872, § 1105, as amended by Act of May 21, 1943, P.L. 306, § 1, 18 P.S. § 5105, and Commonwealth v. Coyle, 415 Pa. 379, 387, 203 A.2d 782 (1964). Hence there is no basis in the record for concluding that relator's conviction violated the Fourteenth Amendment. See, e. g. May v. Peyton, 268 F.Supp. 928, 930 (W.D. Va., 1967).

For all the reasons discussed above it is hereby ordered that the relator's petition for a writ of habeas corpus is denied. There is no probable cause for appeal.