**UNITED STATES of America, Appellee,**

v.

**Anthony Thomas TROTTA, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**John Anthony GENOVESE, Appellant.**

**Nos. 11587, 11868.**

United States Court of Appeals
Fourth Circuit.

Argued June 17, 1968.

Decided Sept. 27, 1968.

Certiorari Denied March 10, 1969.

See 89 S.Ct. 1019.

Richard J. Tavss, Norfolk, Va. (Court-appointed counsel) [Sacks, Sacks & Tavss, Norfolk, Va., on brief] for appellant Anthony Thomas Trotta.

Andrew S. Fine, Norfolk, Va. (Court-appointed counsel) [Fine, Fine, Legum & Fine, Norfolk, Va., on brief] for appellant John Anthony Genovese.

Alfred D. Swersky, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

CRAVEN, Circuit Judge:

The evidence strongly tends to show that defendants Trotta and Genovese passed and attempted to pass counterfeit money at two restaurants in Norfolk, Virginia. At Doumar's Drive-In, Trotta attempted to pay for Coca-Colas with a ten-dollar bill which the waiter refused as counterfeit. Trotta represented the bill as genuine, saying that he had obtained it from the First National Bank. While Trotta attempted to pass the bill, his companion was waiting in a black and white Cadillac, bearing a Miami souvenir plate, in which both men left the scene. On the same night at the Charco-Burger Restaurant another waiter accepted a ten-dollar bill, later determined to be counterfeit and introduced at trial, in payment for Coca-Colas; when he noticed that the bill looked "funny," he showed it to a fellow employee, Sanderson. Sanderson went to the parking lot and asked the customer, identified as Genovese, about the bill. Genovese's representation was similar to Trotta's: that he had obtained the bill from the First National Bank, and that it had gotten wet. Sanderson also testified that while he talked with Genovese, another man was waiting in a black and white Cadillac with a Miami souvenir plate on the front. The Norfolk police were summoned to the Charco-Burger. They determined that the bill was counterfeit and, while there, received word that a similar bill had been passed at a nearby pharmacy. Soon thereafter, a black and white Cadillac bearing a Miami souvenir plate was discovered parked on a Norfolk street and was placed under surveillance. A short time later Genovese and Trotta approached the car, entered it, and began backing up. At that point, the police arrested both men and began a search of the car. As soon as the men had been frisked and warned of their rights, they were taken away, but the search of the car continued. After the departure of Genovese and Trotta, but within forty-five to sixty minutes, the search produced an envelope containing counterfeit bills and a paper bag of genuine currency.

The defendants' assertion that the warrantless search of their car was illegal is, we think, wholly without merit. In Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), and Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), cars were searched after the defendants had been arrested and after the cars had been taken into custody and removed from the scene. In *Preston* the Court pointed out that the search was "too remote in time or place to have been made as incidental to the arrest", and held the search illegal. 376 U.S. at 368, 84 S.Ct. at 884. However, it was made quite clear that the right of the police, without a search warrant, to make a contemporaneous search pursuant to a lawful arrest "extends to things under the accused's immediate control * * * and, to an extent depending on the circumstances of the case, to the place where he is arrested." 376 U.S. at 367, 84 S.Ct. at 883. In *Cooper*, on the other hand, the search was upheld on the basis of its being "closely related to the reason petitioner was arrested, the reason his car had been impounded, and the rea-

son it was being retained." 386 U.S. at 61, 87 S.Ct. at 791.

In the instant case, we think the search was sufficiently contemporaneous with the arrest, notwithstanding the fact that the defendants were removed from the scene while the search was in progress. See Morris v. Boles, 386 F.2d 395 (4th Cir. 1967); Crawford v. Bannan, 336 F. 2d 505 (6th Cir. 1964). Moreover, the search was closely related to the offense for which the defendants were arrested, and the officers were charged by statute with a duty to seize the car. 49 U.S.C.A. § 782. See United States v. Haith, 297 F.2d 65 (4th Cir. 1961). Nor is it of controlling importance that the officers might have delayed their search until they procured a search warrant. *Cooper* reaffirmed the holding of United States v. Rabinowitz, 339 U.S. 56, 66, 70 S.Ct. 430, 94 L.Ed. 653 (1950), that the "relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable." Cooper v. State of California, 386 U.S. at 62, 87 S. Ct. at 791.

Affirmed.