**UNITED STATES of America ex rel.**
**William H. HODGE, Jr.**

v.

**Joseph F. MAZURKIEWICZ, Supt.**

**Misc. No. 69–163.**

United States District Court,
E. D. Pennsylvania.

Sept. 9, 1969.

William H. Hodge, Jr., in pro. per.

Arlen Specter, Dist. Atty. of Philadelphia County, for defendant.

## MEMORANDUM AND ORDER

BODY, District Judge.

Relator was tried without a jury on charges of burglary, larceny, and receiving stolen goods under Indictment No. 747, June Sessions, 1965, in the Court of Quarter Sessions of Philadelphia County. On August 16, 1965, at the conclusion of a one-day trial, he was found guilty of burglary and larceny; at the same time a demurrer was sustained as to the count charging receipt of stolen goods. Subsequently, relator was sentenced to 3–12 years on the burglary count and was placed on probation for a period of five years, beginning at the expiration of the burglary sentence, in connection with the larceny charge. No post-trial motions were filed and no appeal was taken.

On July 31, 1967 relator filed a petition in the state courts under the Post Conviction Hearing Act, which petition was amended in November 1967. On December 14, 1967 this petition was dismissed and relator was granted leave to file post-trial motions for a new trial and in arrest of judgment nunc pro tunc. Said motions were filed and argued for defendant by able appointed counsel but were denied in a written opinion by Judge Sloane dated June 27, 1968. The Superior Court of Pennsylvania affirmed the denial, 213 Pa.Super. 751, 246 A.2d 914 (No. 725 October Term, 1968) and allocatur was denied by the Supreme Court of Pennsylvania on February 7, 1969 (No. 460–A Miscellaneous Docket No. 16).

In his petition for writ of habeas corpus, relator urges the following as grounds for his alleged illegal detention:

(1) There was no evidence to support his state conviction;

(2) Reference made by the judge at relator's sentencing to testimony given at his preliminary hearing by a witness not called by the prosecution at trial, constituted a deprivation of relator's right to be confronted with witnesses against him in violation of the

Due Process Clause of the Fourteenth Amendment;

(3) Said reference made by the judge at relator's sentencing constituted such fundamental unfairness as to be violative of due process of law;

(4) Said reference made by the judge resulted in the denial of relator's right to the effective assistance of counsel at trial;

(5) The denial of relator's motion for a new trial and in arrest of judgment resulted from such fundamental unfairness, trickery, and underhanded methods as to deprive him of due process of law and the effective assistance of counsel;

(6) The failure of the court to appoint counsel to represent relator at his preliminary hearing constituted a denial of relator's right to counsel under the Sixth Amendment as incorporated in the Fourteenth Amendment.

■ At the outset it can be stated that relator's contention that he was denied the effective assistance of counsel both during and after his trial is patently frivolous and without merit. Regardless of the propriety of the judge's reference at sentencing to testimony given at the preliminary hearing, and the subsequent denial of relator's post-trial motions, they could not have produced the collateral effect claimed by relator.

■ We pass then to a consideration of the propriety of the judge's reference at sentencing to testimony given at the preliminary hearing. At his trial relator had the right to confront the witnesses against him (Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965)). Had the reference now under consideration been made at that juncture, a serious constitutional question would have been presented. That, however, is not this case. Here the reference was made at relator's sentencing, a separate proceeding held almost four months after the trial had terminated.

Moreover, no part of the testimony in question was introduced into evidence at the trial. It follows, then, that relator was not denied his constitutional right to be confronted by the witnesses against him. Further, judges are given broad latitude in the sources they may consult and in the content of the remarks they may make in connection with imposing sentence in a criminal case. Such a remark as was here made was neither improper per se, nor did it evidence examination of an impermissible source of information for that purpose.

Relator also alleges that the denial of his post-trial motions was tainted with such fundamental unfairness as to deny him due process of law. From his explanation of this contention it is obvious that relator is merely seeking another vantage point from which to attack the aforementioned reference made at sentencing and the trial judge's failure to grant a new trial or arrest judgment on that basis. In view of this Court's holding concerning the propriety of the reference, relator's present contention must also fail.

■ A further ground advanced for the illegality of relator's detention is that there was a total lack of evidence to support his state conviction. In considering this contention it is important to note that if the record contains *any* evidence which supports the conviction, this Court is obligated to uphold it. See United States ex rel. Simmons v. Pennsylvania, 292 F.Supp. 830, 833 (E.D.Pa. 1968) and cases there cited. To permit a further inquiry in a federal habeas corpus proceeding would be "to improperly convert the federal court into a substitute for a state appellate court". United States ex rel. Simmons v. Pennsylvania, supra.

■ An examination of the record at trial shows that the Commonwealth called four witnesses whose collective testimony clearly constituted some evidence, albeit circumstantial, that relator was guilty of burglary and larceny. The owner of the burgled premises testi-

fied to the occurrence of the burglary and the condition of the premises upon its discovery. He was followed by a 15-year old boy who testified that the night the burglary was committed he heard a noise resembling banging and hitting and looked out of a window to see relator on the roof of the burgled premises smoking a cigarette and looking around. In addition, there was the testimony of the two arresting policemen to the effect that they found relator in his sister's house hiding in a closet. Accordingly, this Court holds that there is at least some evidence in the record to support the conviction and therefore relator's present contention is without merit.

■ Relator's final contention is that he was denied due process of law because of the failure of the state court to appoint counsel for him at his preliminary hearing. A defendant in a criminal proceeding is entitled to counsel at a hearing which is or under the circumstances becomes a "critical" stage of the proceeding. Powell v. Alabama, 287 U. S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Hamilton v. Alabama, 368 U.S. 52, 82 S. Ct. 157, 7 L.Ed.2d 114 (1961); White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963). A stage is "critical" for these purposes when "substantial rights of a criminal accused may be affected", Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), or when "events transpire that are likely to prejudice his ensuing trial". DeToro v. Pepersack, 332 F.2d 341 (4th Cir.1964), cited with approval in United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592 (3d Cir.1965).

■ Relator is not required to show actual prejudice at trial because of the absence of counsel at his preliminary hearing; rather he must show a *possibility* of prejudice resulting from the things which happened at that preliminary hearing. Commonwealth of Pennsylvania ex rel. Whiting v. Cavell, 244 F.Supp. 560 (M.D.Pa.1965), aff'd on other grounds, 358 F.2d 132 (3 Cir.1966), cert. denied, 384 U.S. 1004, 86 S.Ct.

1921, 16 L.Ed.2d 1018 and 384 U.S. 1009, 86 S.Ct. 1986, 16 L.Ed.2d 1021.

■ Ordinarily a preliminary hearing is not a "critical" stage of a criminal proceeding within the above meaning of that word. Such has been held to be the case in Pennsylvania. Commonwealth ex rel. Butler v. Rundle, 416 Pa. 321, 206 A.2d 283 (1965). Nevertheless it can become critical if events transpire which are likely to prejudice the trial. The record here indicates that nothing which took place at relator's preliminary hearing was introduced into evidence against him at his trial. Further, the magistrate informed relator of his right to make a statement at the preliminary hearing but suggested that he remain silent and secure counsel following the hearing. This advice was accepted.

Under the above circumstances it cannot be said that events transpired at the preliminary hearing which created a possibility of prejudice at trial. *Hamilton,* supra, and *White,* supra, both represent factual settings in which such a possibility of prejudice existed and are therefore distinguishable from the present case.

■ Alternatively, a preliminary hearing may, because of peculiarities of state procedure, be "critical" per se. See *Hamilton* and *White,* supra. Unlike the procedure in some other states, a preliminary hearing in Pennsylvania merely serves the function of determining whether a defendant should be discharged or bound over to court with or without bail. Pa.R.Crim.P. 119(a), 19 P.S. Appendix. The defendant may be represented by counsel at the hearing and he may cross-examine witnesses and inspect physical evidence offered against him. Moreover, he may testify himself, call witnesses, and offer evidence in his own behalf, except where specified offenses have been charged. Pa.R.Crim.P. 119(b). On the other hand, there appear to be no defenses which, if not raised at the preliminary hearing, are irretrievably lost. It is therefore con-

cluded that there are no procedural peculiarities in Pennsylvania which make a preliminary hearing critical per se. See Pointer v. Texas, supra, 380 U.S. at 402–403, 85 S.Ct. 1065; United States ex rel. Maisenhelder v. Rundle, 229 F. Supp. 506 (E.D.Pa.1964), aff'd 349 F.2d 592 (3d Cir.1965); United States ex rel. Parker v. Myers, 233 F.Supp. 563 (E.D. Pa.1964), aff'd on opinion below, 341 F. 2d 303 (3d Cir.1965).

In conclusion, relator's preliminary hearing neither was nor under the circumstances became a critical stage of the criminal proceeding. Accordingly, his contention that he was deprived of his constitutional right to counsel at that hearing is without merit.

### ORDER

And now, this ninth day of September, 1969, it is ordered that relator's petition for writ of habeas corpus be and the same is hereby denied.

There is probable cause for appeal.