**Robert Woodford KIRBY, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 69–C–19–L (Re).**

United States District Court,
W. D. Virginia,
Lynchburg Division.
March 12, 1970.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

Petitioner Robert Woodford Kirby seeks relief from imprisonment by petitioning this court to issue a writ of habeas corpus. By order dated June 2, 1969, this court granted a transfer of petitioner's petition from the United States District Court for the Eastern District of Virginia to the United States District Court for the Western District of Virginia. The petition was dismissed for a failure to exhaust all available state court remedies on the 17th of June, 1969. Shortly thereafter, petitioner Kirby was granted an appeal of this court's ruling. The Fourth Circuit Court of Appeals, on the 28th of October, 1969, reversed this court's order which had dismissed the petition. [See Memorandum Decision #13,776]. The Fourth Circuit, in their reversal, remanded the petition back to this court for a determination of the claims presented by the petitioner. On December 2, 1969, this court entered an order reinstating the petition for further consideration in accordance with the Fourth Circuit's decision.

Petitioner Kirby's record discloses the following pertinent data. On the 12th of October, 1967, Kirby was convicted of statutory burglary and received a sentence of five (5) years imprisonment by the Corporation Court of the City of Lynchburg, Virginia. Later, on the 10th of November, 1967, said petitioner was again convicted for his possession of burglarious tools and sentenced to three (3) years imprisonment by the same court. These two sentences were to run consecutively. The Virginia Supreme Court of Appeals granted petitioner a writ of error to appeal the aforementioned two convictions. After careful consideration, the Virginia Supreme Court of Appeals affirmed the lower court's decision. Kirby v. Commonwealth, 209 Va. 806, 167 S.E.2d 411 (1969). In view of the foregoing, petitioner Kirby has exhausted his state court remedies in compliance with the provisions of 28 U.S.C.A. § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

As pointed out by the Fourth Circuit's Memorandum Decision [13,766] petitioner raises only two issues that this court is called upon to consider. First, that the submission into evidence of a "tool case" was improperly admitted, as it was the product of an illegal search. Secondly, that the evidence as admitted was insufficient to support the conviction of the petitioner.

The court has carefully reviewed the allegations raised by the petitioner, and in consultation with the entire records in the case at bar, it is clear that a plenary hearing will not be needed. The records provide a sufficient basis upon which a final determination can be made.

The record discloses the following facts. In the early morning hours (ap-

proximately 3:00 a.m.) of August 28, 1967, the petitioner, along with his wife and another married couple, were arrested, being charged with petty larceny. Prior to their actual arrest, police officer C. M. Glass, of the Lynchburg Police Department, noticed a 1960 Chevrolet automobile parked at a Shell service station. The police officer observed that petitioner's companion, one Robert Tolley, was in the process of removing a license plate from a nearby automobile. During this time the petitioner was apparently doing something under the hood of his Chevrolet automobile. The police officer, after observing the removal of this license plate, approached the Chevrolet and arrested the four persons involved. The license plate was recovered from under the driver's seat. Subsequent to the arrest, petitioner Kirby was found to be armed. The record indicates that a patrol wagon arrived a short time later taking the petitioner and the other three companions to jail. Immediately following the arrest and departure of the four persons to jail, a search was conducted of the Chevrolet automobile at the Shell service station by Officer Glass and Police Lieutenant Herbert Nash. No search warrant was obtained prior to the actual search, but the testimony indicates that one was obtained the next day.

The testimony at the original criminal trial on the 12th of October, 1967 discloses that a small plastic-leather "tool case" was visible to the officers in the well compartment of the convertible. (Tr. 37) Officer Glass testified that the "tool case" was visible by "looking through the back" window. (Tr. 42) Testimony also reveals that it was not necessary to open the trunk of the car to secure the "tool case", but rather it was accessible from the outside. (Tr. 40)

An examination of the contents of the "tool case" disclosed that they were of the type that are customarily used in the commission of burglaries. A subsequent investigation by agents of the Federal Bureau of Investigation further disclosed that three of the tools (a chisel, crowbar, and a sledge hammer) (Tr. 75–81) were used in a previous burglary.[1]

With the foregoing factual background in mind, petitioner Kirby contends that the search of the Chevrolet automobile by the police officers and the subsequent seizure of the "tool case" was an unreasonable one when measured by applicable constitutional standards. Secondly, that the introduction of the "tool case" into evidence was not only error, but that such evidence was insufficient to support his conviction by the Lynchburg Corporation Court.

The court is well aware of the extensive, but significant, developments that have surrounded application of the search and seizure principle to the constitutional provisions of the Fourth Amendment. This amendment does not prohibit all searches and seizures, but only unreasonable ones. Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669, 1680 (1960). In measuring the "reasonableness" concept, Virginia has applied, through statutory provisions, acceptable standards [See Code of Virginia—§§ 19.1–85 and 19.1–86] for the issuance of search warrants. See One 1963 Chevrolet Pickup Truck v. Commonwealth, 208 Va. 506, 158 S.E.2d 755 (1968), cert. denied, 391 U.S. 964, 88 S.Ct. 2032, 20 L.Ed.2d 877 (1968).

However, as recognized in the federal courts and Virginia, a search will not be unlawful, even though a search warrant hasn't been issued, if it's

---

1. Some six days prior to petitioner's arrest on the 28th of August, a building occupied by Moore's Super Stores, Inc., in Lynchburg, Virginia, was burglarized. A safe had been broken and money and other articles of value were stolen therefrom. The investigation by the FBI agents disclosed that the three tools located in the Chevrolet convertible had been used in the burglary of Moore's Super Stores, Inc. Also, the testimony reflects that an investigation of petitioner's home uncovered one of the articles stolen from the safe, plus a diagram of the safe itself.

reasonable. Additionally, the courts have held a search lawful where, even though there was an absence of a warrant, the search was incident to a lawful arrest. U. S. v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, 657 (1950). The testimony reflects that counsel for the petitioner admitted that the arrest was lawful on the night of August 28th.

As pointed out in respondent's motion, the Virginia Supreme Court of Appeals, in discussing petitioner's case on writ of error, emphasized the holding of the Supreme Court in Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777, 780 (1964) as applicable to the case at bar. In *Preston*, the Supreme Court reasoned as follows:

* * * [I]t is argued that the search and seizure was justified as incidental to a lawful arrest. *Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. [Citing cases]. This right to search and seize without a search warrant extends to things under the accused's immediate control, [citing cases] and, to an extent depending on the circumstances of the case, to the place where he is arrested.* [citing cases]. The rule allowing contemporaneous searches is justified, for example by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime—things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control. But these justifications are absent where a search is remote in time or place from the arrest.

In conjunction with the above, the Supreme Court held valid a search of an automobile after the person had been arrested and departed from the scene, Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730, rehearing denied 386 U.S. 988, 87 S.Ct. 1283, 18 L.Ed.2d 243 (1967). The court upheld the search on the basis that it was

* * * closely related to the reason petitioner was arrested, the reason his car had been impounded, and the reason it was being retained. 386 U.S. at 61, 87 S.Ct. at 791.

A similar view was recently followed by the Fourth Circuit Court of Appeals in the companion cases of United States v. Trotta and United States v. Genovese, 401 F.2d 514 (1968). In this case a search of an automobile for counterfeit bills and other currency within forty-five to sixty minutes after the defendants had departed from the scene of the arrest, was considered lawful. The Fourth Circuit said:

* * * [I]n the instant case, we think the search was sufficiently contemporaneous with the arrest, notwithstanding the fact that the defendants were removed from the scene while the search was in progress. 401 F.2d at 516.

See also, Morris v. Boles, 386 F.2d 395 (4th Cir.1967). The Supreme Court in Stoner v. California, 376 U.S. 483, 486, 84 S.Ct. 889, 891, 11 L.Ed.2d 856 (1964) emphasized that a "search can be incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest".

Therefore, the question before the court is whether the search was reasonable as measured by the "contemporaneous" yardstick. This court, in applying such a measurement, concludes that the evidence and law supports the respondent's contention that the search and seizure of the "tool case" was lawful. Accordingly, this court concurs with the Virginia Supreme Court of Appeals in holding that the "search was not remote in time or place from the arrest". 167 S.E.2d at 414. Thusly, the evidence of the "tool case" was properly admitted into evidence.

**442**

The second issue centers on whether or not the evidence, as presented, was sufficient to sustain such a conviction. This court follows the established view that when collaterally reviewing a state conviction it is to "inquire only whether there was *any* evidence to support the conviction", rather than an inquiry into the sufficiency of such evidence. See United States ex rel. Simmons v. Commonwealth of Pa., 292 F.Supp. 830, 833 (1968). The district court continued by saying

> * * * [T]he cases have held that federal jurisdiction is established only when the petitioner has alleged that there was a total absence of evidence to support a guilty verdict. See e.g. DeHam v. Decker, 361 F.2d 477 (C.A. 5, 1966), and Edmondson v. Warden, Maryland Penitentiary, 335 F.2d 608, 609 (C.A. 4, 1969). *To permit a federal court acting upon a petition for a writ of habeas corpus to inquire further than this into allegations challenging the sufficiency of the evidence presented at a state criminal trial, would be to improperly convert the federal court into a substitute for a state appellate court.* See, e.g. United States ex rel. Bower v. Banmiller, 232 F.Supp. 627, 628–629 (E.D.Pa., 1964). 292 F.Supp. at 833.

Also see two cases decided by this court directly in line with the foregoing. Wheeler v. Peyton, 287 F.Supp. 930, 931 (W.D.Va.1968) and Cooper v. Peyton, 295 F.Supp. 21, 23 (W.D.Va.1968).

Therefore, it is not within the province of this court to test the sufficiency of the evidence against the petitioner, but only to determine if *any* evidence was present. Our discussion and conclusion on the first allegation raised leaves the court with no other alternative than to conclude that admissible evidence was present to support the ultimate conviction. Therefore, for the foregoing reasons, petitioner Kirby is denied the relief he seeks by way of a writ of habeas corpus.

The clerk is hereby directed to send a certified copy of this opinion to the petitioner and to the respondent, via the Honorable W. Luke Witt, Assistant Attorney General, Supreme Court Building, Richmond, Virginia 23219.