**Harry Alex TOLLIVER, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–27–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

March 30, 1970.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

Petitioner Harry Alex Tolliver seeks relief from imprisonment by petitioning this court to issue a writ of habeas corpus. By order dated February 26, 1970 this court granted a transfer of said petition from the United States District Court for the Eastern District of Virginia to be filed herein. The petitioner was allowed to file said petition *in forma pauperis.*

At the present time petitioner Tolliver is serving a twenty (20) year sentence, after having been found guilty by a jury on the 29th of April, 1968 in the Hustings Court for the City of Roanoke. Subsequently, petitioner sought habeas corpus relief in the state courts. The Hustings Court of the City of Roanoke denied Tolliver's petition for a writ of habeas corpus on the 6th of May, 1969. Upon an appeal of the Hustings Court's ruling, the Virginia Supreme Court of Appeals affirmed the lower court's judgment on the 19th of January, 1970.

In light of the foregoing, petitioner Tolliver has exhausted his state remedies in compliance with the provisions of 28 U.S.C.A. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Respondent has moved to dismiss the petition because the grounds presented to this court are not those which are cognizable by way of Federal habeas corpus proceedings. See Grundler v. North Carolina, 283 F.2d 798 (4th Cir., 1960).

A review of Tolliver's petition reveals that emphasis is placed upon the nature of the evidence introduced at his original criminal trial and its "weight" in sustaining a guilty verdict by the jury for second-degree murder. This court, after carefully considering the respective contentions of both parties, concludes that the respondent's motion should be sustained.

 This court, in accord with its previous decisions, maintains that an individual cannot test the sufficiency of the evidence presented at the original criminal trial, for to do so would place the federal court as a "substitute for a state appellate court". United States ex rel. Simmons v. Commonwealth of Pa., 292 F.Supp. 830, 833 (E.D.Pa.1968). As pointed out in *Simmons*, the established procedure when a federal court is collaterally reviewing a state conviction, is to inquire *only* into whether there was *any* evidence to support the conviction and not into the sufficiency of such evidence. The district court in Simmons said:

> " * * * (T)he cases have held that federal jurisdiction is established only when the petitioner has alleged that there was a total absence of evidence to support a guilty verdict. See e. g. Deham v. Decker, 361 F.2d 477 (C.A. 5, 1966), and Edmondson v. Warden, Maryland Penitentiary, 335 F.2d 608, 609 (C.A. 4, 1964). To permit a federal court acting upon a petition for a writ of habeas corpus to inquire further than this into allegations challenging the sufficiency of the evidence presented at a state criminal trial, would be to improperly convert the federal court into a substitute for a state appellate court. See, e. g. United States ex rel. Bower v. Banmiller, 232 F.Supp. 627, 628–629 (E.D. Pa., 1964)."

Also see two cases decided by this court directly in line with the foregoing. Wheeler v. Peyton, 287 F.Supp. 930, 931 (W.D.Va., 1968); Cooper v. Peyton, 295 F.Supp. 21, 23 (W.D.Va., 1968).

In like fashion, the respondents call the court's attention to the *Grundler* case, *supra*, 283 F.2d at 802, where the Fourth Circuit Court of Appeals expressed the same view.

> " * * * (N)ormally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. The role of a federal habeas corpus petition is not to serve as an additional appeal."

This court, in accordance with the above cited cases, concludes that petitioner's request for relief, by way of federal habeas corpus procedures, is not a proper method in the case at bar. The court does not sit as a substitute for a state appellate court, and likewise, cannot consider those allegations raised in Tolliver's petition. Also, the petitioner raises no "specific constitutional protections" that involve a federal question.

Accordingly, said petition is denied and dismissed with prejudice.