**Robert Woodford KIRBY, Appellant,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Richmond, Virginia, Appellee.**

**No. 14548.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1970.

Decided Dec. 21, 1970.

---

3. The maximum sentence for this offense is a $10,000 fine, 5 years imprisonment, or both.

James P. Jones, Abingdon, Va. (Court-assigned counsel) [Penn, Stuart & Eskridge, Abingdon, Va., on brief] for appellant.

William P. Robinson, Jr., Asst. Atty. Gen. of Va. (Andrew P. Miller, Atty. Gen., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

On appeal from a denial of habeas corpus relief, Kirby contests the constitutionality of the seizure from his automobile of burglary tools, which led to his conviction in 1967 for burglary and possession of burglary tools. We affirm.

At approximately 3:00 a. m. on August 28, 1967 Police Officer Glass was on routine patrol when he observed Kirby's automobile at a closed service station. Kirby was in front of the automobile apparently looking under the hood. His companion, one Tolley, went to another automobile parked at the station and removed the license plates. On Tolley's return to Kirby's automobile Officer Glass approached and placed all of the occupants under arrest. In addition to Kirby and Tolley, both of their wives were present.

After retrieving the license plate from under the driver's seat, Officer Glass called for assistance. Other officers arrived at the scene shortly thereafter, searched the party and carried them to the police station. Kirby was armed. Officer Glass then took possession of a plastic tool case which was visible from outside the car. The contents of the case apparently were not visible. The case was located in a compartment behind the rear seat, designed to hold the convertible top, and was accessible through the open rear window.[1] Examination of the tools in the case disclosed that they had been used in the commission of a burglary a few days before.

▆▆ We find the search in the case to have been lawful, either as a search incident to a lawful arrest [2] or as the result of an automobile search based on probable cause. Immediately following the arrest of the four occupants of the automobile, Officer Glass commenced his search of the vehicle and seized the stolen license plate. Without assistance, and with four persons to guard, it was entirely reasonable for him to suspend further search until reinforcements could arrive. The interruption lasted only a few minutes and the search was resumed as soon as it was safe to proceed. It was not necessary that Kirby be retained at the scene of the arrest while the search proceeded. United States v. Genovese, 4 Cir., 401 F.2d 514.

Additionally, the warrantless search may be sustained under the doctrine of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419,[3] because it

---

1. The search was casual, covering only what was readily visible without close scrutiny of the interior of the automobile. The following day a more thorough search was conducted pursuant to a warrant, apparently without revealing any additional evidence.

2. The requirements of Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, are inapplicable to this 1967 search. Thus, it is required only that the search be a reasonable one, conducted substan-

tially contemporaneously with the arrest in time and place.

3. *Chambers* announced no new rule of law. It did no more than reaffirm the long-standing exception to the warrant requirement in searches of moving and movable vehicles, when there is probable cause to search. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.

was based on probable cause to search the motor vehicle. Probable cause was supplied not by any individual factor but by the combination of circumstances apparent to the searching officer. The time and place of the events are of substantial significance. Officer Glass saw a crime committed in his presence. He had observed the placement of the stolen license plate in the automobile. The circumstances were suggestive of the conclusion that it was not an isolated occurrence. Kirby, at least, was known to have been armed before the time when the tool case was seized. Under all the circumstances, even if the resumption of the search be considered as separate from the search for and seizure of the license plate, the officer could reasonably have concluded that other instrumentalities of crime were probably contained in the automobile.

Affirmed.