Michael Allen **KIRKPATRICK**, Petitioner,

v.

**J. D. COX, Superintendent, Virginia State
Penitentiary, Respondent.**

**Civ. A. No. 70–C–38–H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Jan. 4, 1971.

Phillip C. Stone, Harrisonburg, Va.,
for petitioner.

Overton P. Pollard, Asst. Atty. Gen.,
Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

On December 11, 1969 the petitioner
was convicted of armed robbery by the
Circuit Court of Rockingham County
and received a sentence of five years.
The conviction was affirmed on direct
appeal by the Supreme Court of Appeals
of Virginia. Kirkpatrick v. Common-
wealth, 211 Va. 269, 176 S.E.2d 802
(1970). The present petition for a writ
of habeas corpus was ordered filed in
forma pauperis and transferred to this
court by the United States District
Court for the Eastern District of Vir-
ginia.

The petitioner raises two questions in
contesting the Constitutionality of his
conviction. At the trial evidence was
introduced to show that the petitioner
had stolen the shotgun used in the com-
mission of the armed robbery. He pro-
tests strenuously that this evidence was

inadmissible. It is also contended that the capture of the shotgun was the result of an illegal search and seizure.

The robbery took place at approximately 2:00 a. m. at the Belle Meade Motel and a call to the police to be on the lookout for a young man in a red car was made immediately. The police discovered a red car at the nearby Rockingham Motel and the hood was still warm. They awakened the motel manager who informed them that the red car belonged to a young man who had registered in the last hour. Several officers advanced to the room and, after knocking on the door, were admitted by the petitioner. They made a cursory search of the room and bathroom and then told Kirkpatrick to get dressed so that he could be taken back to the Belle Meade for possible identification. Immediately after he was driven away one of the deputies returned to the room for a further search during which he discovered co-defendant Wayne Poole who was hiding under the bed with a loaded shotgun. It later developed that Poole was the one who actually took the money at gunpoint. This latter search was conducted without a search warrant and the petitioner naturally contends that it was illegal.

Both of these contentions have been considered at length by the Supreme Court of Appeals of Virginia. Kirkpatrick v. Commonwealth, *supra*. Therefore the petitoner has satisfied the exhaustion of state remedies requirement of 28 U.S.C. § 2254.

The objection to the introduction of evidence concerning petitioner's prior theft of the shotgun raises only a question of state evidentiary law and not a Constitutional issue cognizable in a proceeding under 28 U.S.C. § 2241(c) (3). In a careful analysis of petitioner's objection the Supreme Court of Appeals of Virginia has held that the evidence was properly admitted. Kirkpatrick v. Commonwealth, *supra*. This decision was plainly right.

After Poole was discovered, Kirkpatrick incredibly denied that he knew the former was under the bed. At the trial Poole testified that the robbery had been his sole activity and that Kirkpatrick had known nothing about it. Evidence of the prior theft of the gun was necessary to show the petitioner's complicity in the robbery and therefore his criminal intent.

The second contention is somewhat more interesting. The state courts have found that Kirkpatrick was arrested in the motel room but he contends that since the second search was conducted in his absence, it cannot be said to be incident to his arrest. He also contends that the search was illegal under Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) which he argues should be applied retroactively. The latter point has already been settled adversely to the petitioner by Porter v. Ashmore, 421 F.2d 1186 (4th Cir. 1970) which ruled that *Chimel* would only be applied prospectively.

Under pre-*Chimel* criteria the line governing which searches are properly incident to an arrest is not always a clear one. "(A) search can be incident to an arrest if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest." Stoner v. California, 376 U.S. 483, 486, 84 S.Ct. 889, 891, 11 L.Ed.2d 856 (1964). *See* Creasy v. Leake, 422 F.2d 69 (4th Cir. 1970). Since the search was conducted at the scene of the arrest, it is only necessary to decide whether it was "substantially contemporaneous" with the arrest.

What is important in this case is that the search was continued immediately after the petitioner was taken from the premises and not at some time distant from the arrest. Clearly the search would have been permissible if the officers had compelled Kirkpatrick to sit in a chair while they completed their looking, and it is difficult to see that the petitioner's removal from the room would make the search illegal. In United States v. Trotta, 401 F.2d 514 (4th Cir. 1968), cert. denied, 394 U.S. 908, 89 S.

Ct. 1019, 22 L.Ed.2d 219 (1969) it was held that a search of an automobile was sufficiently contemporaneous with an arrest although it was continued after the defendants were taken from the scene. Even closer to the factual situation at bar is United States ex rel. Mahoney v. LaVallee, 396 F.2d 887 (2nd Cir. 1968), cert. denied, 395 U.S. 985, 89 S.Ct. 2137, 23 L.Ed.2d 774 (1969). There the petitioner was arrested at his apartment and as he was being taken away, a second group of officers arrived and then conducted a search after his departure. The search was held incident to the arrest. Likewise in this case the court believes that the search was "substantially contemporaneous" with the arrest.

■ Even if the search were not incident to the arrest, the court believes that it was one of those exceptional cases where a search warrant was not necessary. The police were in eager pursuit of at least one man who they knew to be armed with a shotgun. It was likely that suspects were "fleeing · or likely to take flight." Chapman v. United States, 365 U.S. 610, 615, 81 S.Ct. 776, 779, 5 L.Ed.2d 828, 833 (1961). It was necessary to find out immediately if the petitioner was the man or one of the men who they were looking for and it would have been both time-consuming and difficult to obtain a warrant at 3:00 in the morning. "Speed here was essential * * *" Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 299, 87 S.Ct. 1642, 18 L.Ed.2d 782, 787 (1967). The Constitution only condemns unreasonable searches and the court finds that the search under attack here was not only reasonable but proper and fully justified under all the circumstances.

In that the contentions presented to this court are lacking in merit, the petition for a writ of habeas corpus is dismissed and relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof, he should file within 30 days a notice of appeal with the clerk of *this* court. Failure to file notice of appeal within 30 days may result in a denial of the right of appeal. The notice of appeal shall state the following:

1) the judgment, order, or part thereof appealed from;

2) the party or parties taking the appeal; and

3) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.