**Harry Alex TOLLIVER, Petitioner,**

v.

**A. E. SLAYTON, Jr., Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71–C–68–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Sept. 2, 1971.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

This case comes before this court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Harry Alex Tolliver, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed with this court on June 4, 1971.

Petitioner is currently serving a twenty year sentence in the Virginia State Penitentiary, pursuant to a judgment of the Hustings Court of the City of Roanoke, imposed on April 28, 1968 for second degree murder. At his trial petitioner, represented by court-appointed counsel, entered a plea of not guilty and was tried and convicted by a jury.

Following his conviction petitioner appealed directly to the Virginia Supreme Court of Appeals, which refused his writ of error and supersedeas on October 16, 1968. Subsequently petitioner sought habeas corpus relief in the state courts. The Hustings Court of the City of Roanoke denied and dismissed his petition on May 6, 1969. On appeal the Supreme Court of Appeals on January 19, 1970 affirmed the lower court's judgment. By order dated April 28, 1970, the Hustings Court again denied and dismissed Tolliver's petition. The lower court's

judgment was again affirmed on appeal on April 27, 1971.

In his present petition Tolliver asserts the following errors: First, at the trial the prosecution suppressed evidence, namely, a switch-blade knife, from the defense; and, second, the petitioner did not receive the effective assistance of his counsel, to wit: (a) counsel failed to move for production of the knife; (b) counsel made no independent pre-trial investigation but instead conducted the trial merely by relying on character witnesses and by noting exceptions to the court's rulings. Petitioner has not raised the latter part of the second claim in any prior proceedings. Having presented his other claims to the state courts, however, petitioner has exhausted his state remedies in compliance with the provisions of 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner has raised his initial claim in a petition for a writ of habeas corpus previously filed with this court. We determined that the claim more properly involved questions of the nature, weight, and sufficiency of the evidence in sustaining the guilty verdict reached by the jury. On collateral attack the established procedure for review of such questions is to inquire *only* whether there is *any* evidence to support the conviction. *See e. g.* Edmondson v. Warden, Maryland Penitentiary, 335 F.2d 608 (4th Cir. 1964). Having so found, the petition was dismissed in this court on March 23, 1970. Tolliver v. Cox, 312 F.Supp. 446 (W.D.Va.1970). Although not required to do so, Johnson v. Copinger, 420 F.2d 395 (4th Cir. 1969), we shall nevertheless review petitioner's first claim.

■ Those cases holding that the non-disclosure or suppression of evidence amounts to a denial of due process involve either the knowing use of false testimony by the prosecution or evidence possessed by and available to the prosecution which is unknown to and withheld from the defense at trial; the evidence suppressed must be specific, non-

cumulative and clearly favorable to the defense. *See* Giles v. Maryland, 386 U. S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d ·215 (1963); Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9 (1957). Evidence is not suppressed if it is available to the defense although its production is not requested by the defense nor withheld by the prosecution. *See* United States ex rel. Bishop v. Commonwealth of Pennsylvania, 233 F.2d 208 (3rd Cir. 1956); Anderson v. Gladden, 303 F. Supp. 1134 (D.Or.1967) affd 416 F.2d 447 (9th Cir. 1969); Hayes v. Wainwright, 302 F.Supp. 716 (N.D.Fla.1969).

■ Petitioner testified at the trial that he shot the decedent in self-defense because he thought the decedent had a knife in his hand. No request for the knife was made by the defense. The three eyewitnesses, one of whom was a defense witness, testified that they knew the decedent sometimes carried a knife with him for protection, yet they all testified that the decedent had no weapon in his hand when the petitioner fatally shot him and that they did not know whether decedent had the knife with him at any time just prior to the shooting. Similarly, the investigating police officer who arrived only minutes after the incident testified that no weapon was visible on or near the decedent's body. The medical examiner noted however that the switch-blade knife was among the decedent's personal effects the morning after the shooting. Finally the defense counsel requested and obtained instructions on the issue of self-defense. Thus in reaching its verdict the jury was clearly aware of the undisputed existence of the knife and of its importance to the petitioner's defense. Petitioner's initial claim that the prosecution suppressed evidence therefore clearly lacks merit.

■■ Petitioner's claim that the defense attorney's failure to move for production of the knife constituted ineffective assistance of counsel is equally without merit. Ordinarily one is de-

prived of effective assistance of counsel only in those extreme situations where the representation is so transparently inadequate as to make the trial a farce or sham. Root v. Cunningham, 344 F.2d 1 (4th Cir. 1965). That the court-appointed counsel did not request the knife, when its existence and possible implications were made clear to the jury, at the most was an error of judgment, if error at all, in his tactical conduct of the trial. Mistakes in judgment or trial tactics by counsel during a trial do not deprive the accused of a constitutional right. Tompa v. Commonwealth of Virginia, 331 F.2d 552 (4th Cir. 1964); Camm v. Peyton, 299 F.Supp. 485 (W.D.Va.1969).

Petitioner's final claim, that his counsel was ineffective for failing to conduct an independent pre-trial investigation, has never been presented to the state courts either in direct or collateral proceedings. We therefore find that he has failed to exhaust his available state remedies in compliance with the provisions of 28 U.S.C. § 2254. Exhaustion requires that the claim must be presented once to the highest tribunal in the state. Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963). After the issues have been properly presented on appeal to the highest state court to which relief may be had, one who files a petition in the federal court will be deemed to have met the exhaustion requirement since further resort to the state court may justly be considered futile once the state's highest court has spoken to the issue. Thompson v. Peyton, 406 F.2d 473, 474 (4th Cir. 1968); Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960).

It is necessary for the petitioner to present his claim to the state courts in collateral proceedings under § 8–596 et seq. of the Code of Virginia. We should advise the petitioner however that he develop his claim more clearly. Even assuming that the court-appointed counsel made no investigation of his own, we can find no indication whatsoever of any evidence favorable to the petitioner which was not brought out by counsel at the trial.

For the foregoing reasons it is ordered that the petition for a writ of habeas corpus be dismissed. The dismissal is without prejudice to the petitioner's refiling of the claim not adjudicated here after he has exhausted his available state remedies.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.