## Richmond

ROBERT WOODFORD KIRBY v. COMMONWEALTH OF VIRGINIA.

April 28, 1969.

Record Nos. 6965, 6966.

Present, All the Justices.

*J. Frank Shepherd* for plaintiff in error in Record Nos. 6965 and 6966.

*D. Gardiner Tyler, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for defendant in error in Record Nos. 6965 and 6966.

HARRISON, J., delivered the opinion of the court.

Robert Woodford Kirby, defendant, was indicted for statutory burglary and possession of burglarious tools, and entered pleas of not guilty to each indictment. A jury found defendant guilty of statutory burglary, fixed his punishment at 5 years in the State Penitentiary, and he was sentenced by the court. Defendant waived trial by jury on the indictment charging possession of burglarious tools, and the trial court found defendant guilty, fixed his punishment at confinement in the penitentiary for 3 years, and sentenced him accordingly. The cases are before us upon writs of error awarded defendant to the judgments.

During the night of August 22, 1967, a building occupied by Moore's Super Stores, Inc. in Lynchburg was burglarized. A safe

was forced open, money taken therefrom and articles of value stolen. One of the articles and a diagram of the safe were later found in a home occupied by defendant.

Thereafter, about 3 A. M. on August 28, 1967, defendant and three companions were arrested in Lynchburg and charged with petty larceny. Found in defendant's automobile at the time of the arrest was a plastic tool case containing numerous tools of a kind and type customarily used in the commission of burglaries. Three of the tools (a chisel, a crowbar and a sledge hammer) were subsequently identified by agents of the Federal Bureau of Investigation as having been used to pry open the safe at Moore's Super Stores, Inc. This, together with other credible evidence adduced by the Commonwealth, amply supports the convictions of defendant. However, defendant contends the search of his automobile by the officers and the seizure of the tools was an unreasonable search and seizure, and he objected to the introduction of the tools in evidence. This is his principal assignment of error and the dispositive issue before us.

The evidence is not in dispute. While on routine patrol the night of August 28, 1967, Police Officer C. M. Glass, of the Lynchburg Police Department, noticed a 1960 model Chevrolet convertible automobile parked at a Shell service station at Bedford Avenue and Magnolia Street. The automobile was occupied by two women, the wives of Robert Tolley and defendant. Tolley was observed by the officer in the act of removing a license plate from a Cadillac automobile parked nearby. Defendant was looking, or doing something, under the hood of his Chevrolet while his companion Tolley was stealing the license plate. After Tolley had removed the plate from the Cadillac and returned to the Chevrolet car, Officer Glass drove up and arrested the four persons. The stolen license plate was found under the driver's seat of the Chevrolet. Defendant was armed. The patrol wagon was summoned to pick up defendant, Tolley and their wives.

. Immediately following the arrest, and after the patrol vehicle had been dispatched to the jail, Officer Glass, together with Police Lieutenant Herbert Nash, searched defendant's automobile. Prior to the search they had noticed in the back, or well compartment, of the convertible a plastic tool case. This was removed from defendant's car and was found to contain burglarious tools. Among other items found in the tool case were gloves, pry bars, pliers, a hacksaw with extra blades, bolt cutters, various types of chisels and screw drivers.

The search also revealed two loaded revolvers and two revolver holsters.

It is well settled that the Fourth Amendment to the Constitution forbids unreasonable searches and seizures, not all searches and seizures. We have held that the requirements of the Virginia statutes controlling the issuance of search warrants and forbidding searches without a warrant (Code §§ 19.1-85 and 19.1-86) are in substance the same as those contained in the Fourth Amendment. *Chevrolet Truck* v. *Commonwealth*, 208 Va. 506, 158 S. E. 2d 755 (1968), *cert. denied*, 391 U. S. 964 (1968).

A search and seizure is not unlawful despite the absence of a search warrant if it occurs incident to a lawful arrest. In *Harris* v. *United States*, 331 U. S. 145, 150, 151, 67 S. Ct. 1098, 1101 (1947), it is said:

> "The Fourth Amendment has never been held to require that every valid search and seizure be effected under the authority of a search warrant. Search and seizure incident to lawful arrest is a practice of ancient origin and has long been an integral part of the law-enforcement procedures of the United States and of the individual states."

In *United States* v. *Rabinowitz*, 339 U. S. 56, 61, 70 S. Ct. 430, 433, 94 L. ed. 653, 657 (1950), is found the following:

> "Decisions of this Court have often recognized that there is a permissible area of search beyond the person proper. Thus in *Agnello* v. *United States*, 269 U. S. 20, 30, 46 S. Ct. 4, 5, 70 L. Ed. 145, this Court stated:
>
> 'The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody is not to be doubted.' "

In *Preston* v. *United States*, 376 U. S. 364, 367, 84 S. Ct. 881, 883, 11 L. ed. 2d 777, 780 (1964), Mr. Justice Black said:

> "It is argued that the search and seizure was justified as incidental to a lawful arrest. Unquestionably, when a person is law-

fully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. [Citing cases.] This right to search and seize without a search warrant extends to things under the accused's immediate control, [Citing case.] and, to an extent depending on the circumstances of the case, to the place where he is arrested, [Citing cases.] The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime— things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control. But these justifications are absent where a search is remote in time or place from the arrest."

See also *United States* v. *Trotta*, 401 F. 2d 514 (4th Cir. 1968); *People* v. *Sullivan*, 292 N. Y. S. 2d 37, 57 Misc. 2d 208 (1968); *Crawford* v. *Bannan*, 336 F. 2d 505 (6th Cir. 1964); *Morris* v. *Boles*, 386 F. 2d 395 (4th Cir. 1967).

We apply these well-established principles to the facts in the instant case. Here we have a defendant who parks his automobile late at night in proximity to a service station. His companion then commits the theft of an automobile license while defendant awaits him. Defendant observes the theft and receives into his vehicle the fruits of the larceny. Before he can transport the plate from the premises, defendant and companions are arrested. The stolen plate is found in the car registered in the name of and owned by defendant. The theft was observed by the officer. When arrested, defendant was armed. In the Chevrolet convertible of defendant the officer saw a tool case. It is common knowledge that a case capable of holding tools, such as crowbars, sledge hammers and like items, must necessarily be of a different type of construction, size and shape from the usual brief case or traveling bag. It is easily recognized, particularly by a police officer, for what it is—a burglary case.

After the arrest of defendant had been made, and the parties dispatched to jail in a patrol wagon, the officers immediately searched the Chevrolet car, removed the tool case which had been seen by them in the car, and found the tools therein. The search under these circumstances was reasonable, proper and indicated, and was incident to an arrest which is admitted to be a lawful one.

The search was not remote in time or place from the arrest. The theft of the license plate had been committed in view of the officer, and it had been found in defendant's car. There was a possibility that items, other than the license plate, had been removed from the Cadillac. Defendant was armed, and the possibility of other guns being concealed in the car existed. Other guns were found. The tool case was of the type customarily used by criminals who commit larceny of license plates, automobiles and parts of an automobile. It contained tools which had been used to commit a burglary.

Accordingly, we hold the search, which was incident to a lawful arrest, to have been a reasonable one. The burglary tools which were found when the tool case was opened were properly seized and admitted in evidence. The evidence is sufficient to sustain the convictions of defendant on the charges of statutory burglary and possession of burglarious tools, and the judgments of the trial court are

*Affirmed.*