## CIRCUIT COURT OF FREDERICK COUNTY

Commonwealth of Virginia

v.

Russell Dean Miller

August 29, 1988

Case Nos. Cr. 8835 and 8836

By JUDGE ROBERT K. WOLTZ

This is in decision of the defendant's motion to suppress as evidence a statement of the defendant to an informer-agent of the police and certain tangible items searched for and seized by the police from his person and his vehicle. The statement is suppressed, the items seized are not.

The police informer-agent was a drug dealer. Under a search warrant, her home was searched and contraband drugs were found there. Charges were not brought against her at that time in return for her agreement to cooperate with the police in the apprehension of other persons for drug violations. She did cooperate and informed on certain persons, including the defendant, it appearing that she had had certain dealings in contraband drugs with him previously.

In this particular instance, she set up a drug "deal" with the defendant, in the process of which she recorded two telephone conversations with him as to the details. She was not going to be home at the time of the transaction. It was to be handled as some prior transactions by her leaving ten pounds of marijuana in a barn or shed compara-

tively close to her dwelling house. The defendant would leave ten thousand dollars cash hidden in the barn for her in payment. On the date and at the approximate hour of the proposed transaction, police officers had stationed themselves on the premises which are in a rural area somewhat distant from and not visible from the public highway.

At approximately the appointed hour, the defendant arrived in a pick-up truck described to the police by the informer. He parked at a point close to the house as she had said he customarily did. He got out of the vehicle and went to the barn where the police had left a plastic trash bag with a quantity of marijuana in smaller clear plastic bags. They had available only about six pounds of marijuana described as moldy and of poor quality, for the purpose. After a time, the defendant left the barn without the bag and, as he approached his pick-up, was arrested. The officers forthwith searched his person finding a "Dunkin Donut" bag with ten thousand dollars cash in it. They promptly searched his motor vehicle seizing other items, but no contraband drugs, for evidentiary purposes.

Within about an hour to an hour and a half, a warrant of arrest for the defendant was issued charging him with attempted possession of marijuana with intent to distribute. The defendant was released on bond that day, and an order of the general district court indicates that the defendant was represented by counsel no later than December 4. One of the officers on the task force who assisted in arresting defendant, without specific knowledge that he had retained counsel, requested the informer to telephone the defendant and record his conversation. She did so, and in it he made certain incriminating statements.

Defendant seeks to suppress this telephone conversation as evidence on the ground that such was made in violation of his Sixth Amendment right to counsel. He also seeks to suppress, on the basis of his Fourth Amendment rights, the items taken from him and his vehicle at the time of his arrest on the ground that the arresting officers had no warrant of arrest for him, nor did they have probable cause for his arrest. The two prongs of the suppression motion will be discussed separately, but briefly, due to time constraints on the court and the nearness of trial

date. Defendant does not seek to suppress the two phone calls between him and the informer which occurred before his arrest. They are not suppressible. The right to counsel does not attach at the time of arrest, *United States v. Gouveia*, 467 U.S. 180 (1984); nor before initiation of "adversary judicial proceedings," *Moran v. Burbine*, 475 U.S. 412 (1986).

The essence and raison d'etre of trial in the adversarial system of justice is to search out the truth of the matter. Reliable evidence is the indispensable basis for that search. There is no suggestion or hint that the third taped telephone conversation between the defendant and the informer was anything other than true and accurate, though initiated by the informer at the instigation of the police. The "prophylactic" purposes of the rule excluding evidence in a number of instances will outweigh the once accepted general rule of admissibility based on the reliability of the evidence. This case is one involving the tension between these two principles.

The Sixth Amendment right to counsel as federally developed was absorbed into the due process clause of the Fourteenth Amendment and thus made applicable to the States in *Gideon v. Wainwright*, 372 U.S. 335 (1963). That case established the Sixth Amendment right of counsel of a felony defendant for his trial. Various extensions of the right have occurred, *e.g., United States v. Wade*, 388 U.S. 219 (1967) (at post indictment lineup); *Coleman v. Alabama*, 399 U.S. 1 (1970) (at preliminary hearing); and *Argersinger v. Hamlin*, 407 U.S. 25 (1972) (for trial of misdemeanor carrying possible corporal sentence). An extension in point with the present case is found in *Massiah v. United States*, 377 U.S. 201 (1964). There the result of a non-custodial conversation between an indicted defendant and an individual acting on behalf of the police was held suppressible.

*Brewer v. Williams*, 430 U.S. 387 (1977), decided by a court closely divided on the issue of waiver of counsel, affirmed *Massiah* and states at page 398 that the right "means at least that a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him - 'whether by way of formal charge, preliminary hearing, indictment, information, or arraignment'," quoting *Kirby v. Illinois*,

406 U.S. 682, 689 (1972). In still another case decided by a closely divided court, *Maine v. Moulton*, 474 U.S. 159 (1985), the application of the right was further expanded. There an indicted co-defendant in cooperating with the police, with the purpose and intent to gather evidence as to crimes which were merely in the investigatory stage, obtained recorded statements of the defendant, indicted and represented by counsel. In the course of this, the defendant made incriminating statements about the pending charges in addition to statements regarding the matters under investigation merely. Even though the object in obtaining this statement was not related to the pending charges, incriminating statements relating to them were held inadmissible. The opposite conclusion in *Hummel v. Commonwealth*, 219 Va. 252 (1978), would appear no longer to be effective.

At the time of the December 15th telephone conversation, the police involved in this affair knew that a warrant had been issued, but apparently neither they nor their agent-informer were aware that he had an attorney until well into that conversation when he mentioned the fact. In the litany of judicial proceedings, the initiation of which triggers a defendant's right to counsel, the word warrant is not used, but "formal charge" is. None of the pertinent cases I have noted involved specifically obtaining statements from defendants after issuance of a warrant, though in many of them the defendant was represented by counsel.

The determinative question as to suppression of this telephone conversation is does the right to counsel rule enunciated above apply after issuance of a warrant but before preliminary hearing, indictment, etc.? The question whether a defendant has counsel at that time appears to me to be of no importance. Egalitarian threads in our law and the thrust of many cases confirm this is a non-problem. Pragmatically, if a defendant who is represented by and likely advised by counsel is protected by the principle enunciated in *Massiah* and later cases, how much more so should the counsel-less defendant be.

Many hypothetical situations can arise in application of the rule. What if the warrant has been issued but not executed when the statement is taken; whether it has or not, what if an officer of the police of the vicinage

without knowledge of the warrant elicits information from the defendant; what if an officer innocent of knowledge in a distant police department elicits the information; what if such an officer investigating another unrelated matter is informed by the defendant of facts relating to the pending charge; what if neither the officer nor the defendant is aware of the warrant at the time incriminating statements are made? In the context of absence or presence of knowledge by the police that the defendant has counsel, note some of the hypothetical situations posed and avoided in *Burbine* at pages 425 and 426. Fortunately, the case here is straightforward; the warrant had been issued and executed; the officer instigating the telephone conversation and of course the defendant knew this.

In Virginia warrants of arrest are issued on sworn complaints, either oral or written. Most generally they are issued by magistrates, who are judicial officers. Most frequently the warrant is not as full and formal as an indictment, but a valid one does contain the gist of the charge and usually refers to the underlying criminal statute. It sets up on the part of the prosecution a claim of criminal activity by the defendant, and the law on behalf of the defendant automatically sets up his presumption of innocence of the charge. Thus the issue of guilt or innocence is drawn by issuance of the warrant and more particularly by the defendant's arrest on it. Custody or continuing custody, either actual or constructively through bail, results from execution of the warrant. This rather sounds like "the time that judicial proceedings have been initiated against" the defendant mentioned in *Brewer*.

*Kirby*, cited and quoted by *Brewer*, at pages 689 and 690 states:

> The initiation of judicial criminal proceedings is far from a mere formalism. It is the starting point of our whole system of adversary criminal justice. For it is only then that the government has committed itself to prosecute, and only then that the adverse positions of government and defendant have been solidified. It is then that a defendant finds himself faced with the

prosecutorial forces of organized society and immersed in the intricacies of substantive and procedural criminal law. It is this point, therefore, that marks the commencement of the "criminal prosecutions" to which alone the explicit guarantees of the Sixth Amendment are applicable.

A concurring opinion at page 691 states, "I agree that the right to counsel attaches as soon as criminal charges are formally made against an accused and he becomes the subject of a 'criminal prosecution'." From what has been said, I am satisfied that the entire telephone conversation of the defendant with the police agent-informer is inadmissible and suppressible. *But see Zeigler v. Commonwealth,* 212 Va. 632 (1972), in reference to pre-indictment lineup.

Defendant's motion to suppress the items taken from his person at the time of the arrest and from his vehicle is based on his claim that the arrest was illegal, and consequently, the fruits of that arrest in the form of evidence is inadmissible. The elementary rule is that a valid arrest for a felony may be made without a warrant if there is probable cause to believe that the arrestee has committed a felony. The arresting officers knew or had reason to believe that the defendant had been engaged in drug dealings with the informer. They had heard the recording of a conversation between these two as to carrying out another such transaction. He appeared at the time which had been proposed in a vehicle specifically described by the informer and parked it at the exact spot she said he customarily did. He left the vehicle and went directly to the building where his pickup of the marijuana was to occur.

That he did not pick it up nor leave the money in payment, presumably because the marijuana was only about sixty percent of the weight he had agreed to buy and was of a very poor quality, is beside the point, as he is not charged with possession with intent to distribute but with attempt to possess with that intent. Whether legally a crime had been committed begs the question, as that is the issue to be resolved in the trial of the case. Factually, the arresting officers had ample probable cause for arrest of the defendant. That being so, there

is no question they had the right to search the defendant, and the items seized from his person are not suppressible.

The defendant was approaching his vehicle and was quite near it when arrested. It was searched practically contemporaneously with his arrest. In view of all the information the officers had up to this time, including the fruits of their search of the defendant's person, they had probable cause to search the vehicle. There could have been weapons in it, contraband drugs, money connected with possible illegal drug transactions, names, addresses, and the like of either suppliers or distributees of marijuana, as the officers had every reason to believe that he dealt in that contraband. True, the defendant's moving vehicle was not stopped for probable cause or for some infraction of the law, nor was he requested to leave the vehicle. That is of no essential consequence here as the officers could have, had they wished to, allowed him to get into his vehicle or even to put it in motion and then with the probable cause they had stopped the vehicle, require the defendant to exit it, then arrest him and finally turn their attention to the vehicle. I see no profit in this case in retreating from the day to day work of a trial court to a place of monastic insularity and there indulging in the niceties and dichotomies and arcane points of medieval scholasticism. I hold the items searched for and found and seized from the pickup truck are not suppressible. *New York v. Belton*, 453 U.S. 454 (1981), and *Kirby v. Commonwealth*, 209 Va. 806 (1969).