## CIRCUIT COURT OF GREENE COUNTY

Commonwealth of Virginia

v.

Marvin C. Ashburn

October 18, 2000

By Judge Paul M. Peatross, Jr.

This cause comes before the Court on a Motion to Suppress filed by Defendant Marvin C. Ashburn. The Court is also in receipt of Defendant's Brief in Support of Motion to Suppress.

*Statement of the Facts*

On April 13, 2000, Defendant Ashburn was driving a van in Greene County and was stopped by Deputy Sheriff Michael Hallahan on Route 33 near the intersection with Route 625. Officer Hallahan stopped Ashburn for having defective equipment. Upon giving an emergency signal for the vehicle to stop, Ashburn turned into a convenience store parking lot. The officer was in uniform displaying a badge of authority and driving a marked sheriff's car. Ashburn refused to present any identification and refused to answer whether or not he possessed any weapons. Officer Hallahan retreated from the vehicle and radioed for another deputy. Before the other deputy arrived, Ashburn turned off the van's engine, shut off the lights, exited the van, and locked the door. Ashburn then put his hands in his pockets and walked towards Officer Hallahan. Officer Hallahan drew his pistol and said he would fire if Ashburn did not stop walking. Ashburn stopped walking but did not take his hands out of his pockets. When the second deputy arrived, Ashburn was put in handcuffs, patted down, and arrested for obstruction of justice and failure to cooperate by not producing an operator's license.

A search incident to arrest revealed a New York driver's license from the defendant's wallet. Officer Hallahan then conducted an inventory search of the vehicle and filled out a written form of what the vehicle contained. Certain items were seized by the Sheriff's Deputy including a Smith & Wesson handgun, holster, ammunition, and flack jacket. The remaining items were left locked in the van. At Officer Hallahan's direction, a towing service came and towed the van to its impound lot. Officer Hallahan gave the keys to the van to the tow truck driver. The van and the keys were released the next day to a friend of Ashburn.

### Question Presented

Whether the evidence gained as a result of the inventory search should be suppressed because the Greene County Deputy Sheriff failed to follow the Sheriff's Office Inventory of Vehicles Prior to Towing policy when he failed to take into his possession the keys of the vehicle thereby violating Defendant's Fourth Amendment protection against unwarranted searches and seizures as guaranteed by the United States Constitution and the Constitution of the Commonwealth of Virginia.

### Discussion

The Fourth Amendment only forbids searches and seizures that are unreasonable. See *Cabbler v. Commonwealth*, 212 Va. 520, 523, 184 S.E.2d 781 (1971) (*citing Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968); *Kirby v. Commonwealth*, 209 Va. 806, 167 S.E.2d 411 (1969)). Inventory searches are a well established exception to the Fourth Amendment's warrant requirement. See *Illinois v. Lafayette*, 462 U.S. 640, 643, 77 L. Ed. 2d 65, 103 S. Ct. 2605 (1983). In the controlling case of *South Dakota v. Opperman*, 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092 (1976), the Supreme Court held that a warrantless routine inventory search of a lawfully impounded vehicle conducted pursuant to standard police procedure is reasonable under the Fourth Amendment unless it is "a pretext concealing an investigatory motive." See *Servis v. Commonwealth*, 6 Va. App. 507, 521-22, 371 S.E.2d 156 (1988) (*citing Opperman*, 428 U.S. 364, 376, 49 L. Ed. 2d 1000, 96 S. Ct. 3092 (1976)). This exception to the warrant requirement of the Fourth Amendment is based upon the need to protect the vehicle owner's property, to protect the police against claims of lost or stolen property, to protect the police from physical danger, and to protect the public from dangerous instrumentalities or substances that may be stolen from an

impounded vehicle. See *Opperman*, 428 U.S. 364, 376, 49 L. Ed. 2d 1000, 96 S. Ct. 3092 (1976); *Hogan v. Commonwealth*, 15 Va. App. 355, 363, 423 S.E.2d 841 (1992) (*citing Reese v. Commonwealth*, 220 Va. 1035, 1039, 265 S.E.2d 746 (1980)).

In an unpublished opinion, the Court of Appeals of Virginia held that an "inventory search is valid if (1) the vehicle searched is validly in police custody, (2) such inventories are routine and conducted pursuant to standard police procedures, and (3) the purpose of the inventory is to secure the car or its contents and not to gather incriminating evidence against the owner." *Malatesta v. Commonwealth*, 1995 Va. App. LEXIS 44, Record No. 1198-93-4, *2 (Va. App. 1995) (*citing Opperman*, 428 U.S. 364, 374-76, 49 L. Ed. 2d 1000, 96 S. Ct. 3092 (1976)). Although an unpublished opinion of the Court of Appeals has no precedential value, a court does not commit error by considering the rational and adopting it to the extent it is persuasive. See *Fairfax County Sch. Bd. v. Rose*, 27 Va. App. 587, 594, 500 S.E.2d 273 (1998). In *Malatesta*, the defendant argued that the police violated the Fourth Amendment by seizing items from his car without a warrant after they conducted an inventory search of his vehicle in a manner contrary to the police department's established procedures. The court held that the police did not violate the Fourth Amendment of the United States Constitution because the police procedures had been followed and the inventory search fell within the exception to the warrant requirement. See *Malatesta*, 1995 Va. App. LEXIS 44, Record No. 1198-93-4, *3 (Va. App. 1995).

In the case at bar, the Greene County Sheriff's Office Inventory of Vehicles Prior to Towing procedure requires:

Effective June 18, 1990, vehicles that are to be towed for any reason by the members of the Greene County Sheriff's Office who are sworn, shall be inventoried for valuables, personal belongings, weapons, etc. — prior to towing.

A copy of [sic] the inventory describing the contents of the vehicles will be kept by the Deputy conducting the inventory. Any valuables found in the vehicles will be taken into the possession of the Deputy conducting the inventory, unless these items can [sic] be locked securely in the trunk of the vehicle. If locked in the trunk, the Deputy will take into his possession the keys of the vehicle. The keys of the vehicle and/or the items shall be returned to the owner of said vehicle at the Deputy's earliest convenience.

Greene County Sheriff's Office Inventory of Vehicles Prior to Towing policy (effective June 18, 1990) (emphasis in original) Commonwealth's Exhibit # 1.

Officer Hallahan failed to keep Defendant's keys in his possession after conducting an inventory search of defendant's vehicle. Officer Hallahan relinquished Defendant's keys to the tow truck operator in violation of the Greene County Sheriff's Office policy. By turning over the keys to the tow truck operator, Officer Hallahan failed to protect the vehicle owner's property, to protect the police against claims of lost or stolen property, and to protect the public from dangerous instrumentalities or substances that may be stolen from an impounded vehicle. The inventory search was not conducted pursuant to standard police procedures and the purpose of the inventory, which is to secure the car or its contents and not to gather incriminating evidence against the owner, was not met because the office failed to maintain possession of the keys. Since the inventory search was not conducted pursuant to the Greene County Sheriff's Office policy and the search failed to meet the purpose of a valid inventory search, the warrantless search is in violation of the Fourth Amendment of the United States Constitution because the search fails to fall within the exception to the warrant requirement.

The warrantless inventory search was not conducted pursuant to the Greene County Sheriff's Office policy and the search failed to meet the purpose of the inventory search exception to the Fourth Amendment's warrant requirement. Accordingly, the Motion to Suppress the items seized is granted.