COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Alston and Senior Judge Willis
Argued by teleconference

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.      Record No. 1513-12-1      JUDGE ROSSIE D. ALSTON, JR.
                                          JANUARY 22, 2013

JAMES ELMER HUDGINS

FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
R. Bruce Long, Judge

Benjamin H. Katz, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief) for appellant.

Brian W. Decker (Dusewicz, Soberick & Decker, on brief), for
appellee.

The Commonwealth appeals the trial court's pretrial order granting a motion to suppress

property seized as a result of the search and seizure of James Elmer Hudgins' (defendant) vehicle on

April 8, 2012.  On appeal, the Commonwealth argues that the trial court erred in granting the

motion to suppress because it ruled that the only justification for a vehicle impoundment under the

community caretaker exception is "to protect the community's safety."  For the reasons that follow,

we find that the trial court erred in granting the motion to suppress and remand the case for a trial

on the merits if the Commonwealth is so inclined.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. Background[1]

When we review a trial court's denial of a motion to suppress, "[w]e view the evidence in a light most favorable to . . . the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence." Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "On appeal, we consider the entire record in determining whether the trial court properly [ruled on an] appellant's motion to suppress." Patterson v. Commonwealth, 17 Va. App. 644, 648, 440 S.E.2d 412, 415 (1994) (citing DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 543 (1987)).

So viewed, the evidence indicated that on the morning of April 8, 2012, Deputy Thorson of the Gloucester County Sheriff's Department and another officer were dispatched to an address in Gloucester, Virginia, in response to a report of a possible trespasser. While en route, Deputy Thorson received information from the dispatcher specifically identifying defendant as the trespasser and that he was "a wanted subject" in Mathews County, Virginia.

When Deputy Thorson arrived at the address, he saw that there was an "apartment over a garage" and a trailer behind the residence. Deputy Thorson was unsure if the apartment and trailer were at the same address, but noted that both shared a driveway.

Deputy Thorson saw a red and white Dodge pickup truck parked between the apartment and the trailer and saw defendant asleep inside the truck. Deputy Thorson asked defendant to identify himself, and defendant gave Deputy Thorson his name. Deputy Thorson noted that defendant was not a resident of the apartment or trailer "according to his license [and] ID

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

return." Deputy Thorson asked defendant to step out of the truck and detained him while the dispatcher confirmed the status of the Mathews County warrant.

A few minutes later, the dispatcher confirmed that defendant was wanted on a warrant from Mathews County. Accordingly, Deputy Thorson placed defendant under arrest, and defendant was transported to the Sheriff's Department. Deputy Thorson did not ask defendant if he lived on the premises or whether he had permission to park his truck there.

The officer accompanying Deputy Thorson went to speak with Ashley George, the tenant of the apartment who had made the original trespassing complaint. George told the officer to remove the truck and that she did not want it on the property. As a result, the dispatcher called a tow truck owned by a private towing company. The officers conducted an "inventory search" of the vehicle before the truck was towed. During the search, the officers found contraband in the truck.

The defendant was indicted for possession of cocaine in violation of Code § 18.2-250. The defendant filed a motion to suppress the contraband seized during the inventory search of the truck, and the trial court held a hearing on the motion. At the hearing, Deputy Thorson testified as to the events of April 8, 2012, and the circumstances related to the officers' search of defendant's truck. Specifically, Deputy Thorson testified that the purpose of the search was to protect the Sheriff's Department and the owner of the vehicle in the event of claims of loss of items or damage to the vehicle. Deputy Thorson also testified that defendant's vehicle was not being impounded and the only reason the officers called the towing company was because George requested it. Deputy Thorson confirmed that the truck was parked on private property, was not affecting the ability of other vehicles to use the driveway, and did not present a traffic hazard.

In addition, Deputy Thorson testified regarding two Gloucester County Sheriff's Department policies. Deputy Thorson confirmed that the Department's "tow policy" states, "Improperly parked vehicles on private property are a civil dispute between the property owner and the vehicle owner. Gloucester County Sheriff's Office has no authority over the dispute other than to maintain peace and order while the dispute is being resolved between the [a]ffected parties." Deputy Thorson also testified that in towing defendant's car, he was relying upon Department policy stating that "any person who is arrested for an offense and no one else is on the scene, the vehicle needs to be removed or towed."

Finally, Deputy Thorson testified about the procedure for "inventory searches." He stated that the officer conducting the inventory search has a "piece of paper" that he fills out when a vehicle is removed and an inventory search conducted. On this "piece of paper" the officer conducting the inventory search notes the contents of the vehicle and any damage to it. He testified that the inventory search is conducted "to help for civil litigation or damage to the vehicle that may be either stolen or damage to the vehicle or anything that may occur." Deputy Thorson testified that officers conduct inventory searches when a vehicle is being towed to a private lot or "to an impound."

At the conclusion of the hearing, the trial court granted defendant's motion to suppress. Relying on South Dakota v. Opperman, 428 U.S. 364 (1976), and Cady v. Dombrowski, 413 U.S. 433 (1973), the trial court found that the sole justification identified by the Supreme Court in allowing warrantless searches pursuant to the community caretaker exception to the warrant requirement is "to protect the community's safety." The trial court found that there was no safety concern prompting the police to remove the truck in this case, and, accordingly, granted the motion to suppress. This appeal followed.

II.  Analysis

"In the context of the Fourth Amendment, '[u]ltimate questions of reasonable suspicion and probable cause . . . involve questions of both law and fact and are reviewed *de novo* on appeal.'" King v. Commonwealth, 39 Va. App. 306, 309, 572 S.E.2d 518, 519 (2002) (quoting McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*) (internal quotation marks omitted)).  We are "bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)).  "The trial court's legal conclusion concerning when, or whether, a seizure or search occurred is reviewed *de novo*."  King, 39 Va. App. at 309, 572 S.E.2d at 520.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ."  U.S. Const. amend. IV.  "The Fourth Amendment does not forbid all searches and seizures but only those that are unreasonable."  Cabbler v. Commonwealth, 212 Va. 520, 522, 184 S.E.2d 781, 782-83 (1971) (citing Terry v. Ohio, 392 U.S. 1, 9 (1968); Kirby v. Commonwealth, 209 Va. 806, 167 S.E.2d 411 (1969)).  "Whether a particular search is unreasonable within the meaning of the Fourth Amendment depends upon the particular facts and circumstances of the case."  Id. at 522, 184 S.E.2d at 783.

"Searches and seizures conducted without a warrant are presumptively invalid." Williams v. Commonwealth, 42 Va. App. 723, 730, 594 S.E.2d 305, 309 (2004) (citing Minnesota v. Dickerson, 508 U.S. 366, 372 (1993)).  However, Virginia jurisprudence recognizes a few "'specifically established and well[-]delineated exceptions' to the warrant

requirement." King, 39 Va. App. at 309, 572 S.E.2d at 519 (quoting McNair v. Commonwealth, 31 Va. App. 76, 89, 521 S.E.2d 303, 310 (1999) (*en banc*) (Benton, J., concurring in part and dissenting in part) (internal quotations omitted)). Among these exceptions, Virginia recognizes the "community caretaker" exception. Williams, 42 Va. App. at 730, 594 S.E.2d at 309.

The community caretaker exception to the warrant requirement is not limited to only those instances in which public safety is threatened. In Opperman, the Supreme Court applied the community caretaker exception and recognized the reasonableness and legality of inventories conducted pursuant to standard police procedures when vehicles are lawfully impounded. 428 U.S. at 375-76. Relying on Supreme Court precedent, this Court has also recognized the propriety of inventory searches in certain cases. In Williams, this Court held that the community caretaker exception is grounded in *three* policy considerations: "1) the protection of the owner's property while it remains in police custody, 2) the protection of police against claims or disputes concerning lost or stolen property, and 3) protection of the public and the police from physical danger." 42 Va. App. at 730, 594 S.E.2d at 309 (citing Opperman, 428 U.S. at 373-76; Cady, 413 U.S. at 442-48; Reese v. Commonwealth, 220 Va. 1035, 1039, 265 S.E.2d 746, 749 (1980)). Therefore, we find that the trial court erred when it determined that the community caretaker exception was grounded only in the need to protect public safety and so could not apply in this case.

Moreover, we conclude that the warrantless inventory search in this case was justified under the community caretaker exception. Three conditions must be met in order for the community caretaker exception to justify a warrantless inventory search: "1) the vehicle must be lawfully impounded; 2) the impoundment and subsequent search must be conducted pursuant to

- 6 -

standard police procedures; and 3) the impoundment and subsequent search must not be a pretextual surrogate for an improper investigatory motive." Id. at 731, 594 S.E.2d at 309.

Defendant's truck was lawfully impounded. The Supreme Court of Virginia has recognized that impoundment of a vehicle is reasonable where the driver is taken into custody and had no immediate means to safeguard the vehicle or protect his property.[2] See Cabbler, 212 Va. at 522, 184 S.E.2d at 782.

Defendant argues that it was unnecessary and unlawful to tow his truck because the police did not verify that defendant did not have a right to be on the premises. We find that even viewing the evidence in the light most favorable to defendant, the officers' conclusion that defendant did not have a right to be on the premises was reasonable. The officers were responding to a trespassing complaint concerning defendant. Deputy Thorson noted that defendant was not a resident of the apartment or trailer "according to his license [and] ID return." A resident of the premises asked the officers to remove defendant's truck. In light of this information, the officers' conclusion that defendant did not have a right to be on the premises was reasonable, and the officers were not required to take further action to confirm that defendant had no right to be on the premises.

Defendant also argues that it was unnecessary and unlawful to tow his truck because, unlike other cases in which this Court has upheld inventory searches, his truck did not pose a

_____

[2] It is irrelevant to the analysis that defendant's truck was towed by a private towing company to a private lot or that Deputy Thorson testified that the truck was not being impounded. The United States Supreme Court and the Supreme Court of Virginia have recognized the propriety of inventory searches even when a vehicle is towed to a private lot. See Cady, 413 U.S. at 436, 448 (upholding a warrantless inventory search conducted on a car "towed to a privately owned garage"); Girardi v. Commonwealth, 221 Va. 459, 464, 270 S.E.2d 743, 746 (1980) (holding that "[w]here . . . the seized vehicle will be towed by a private operator to a private impoundment lot there is good reason for the police to make an inventory search before they relinquish even temporary control over the car").

traffic hazard and was towed only as a "favor" to George. We disagree. The officers' decision to impound the truck was lawful and reasonable, despite the fact that defendant's truck was not posing a traffic hazard.

This Court's decision in Servis v. Commonwealth, 6 Va. App. 507, 371 S.E.2d 156 (1988), is instructive in this regard. In Servis, this Court upheld the trial court's denial of a motion to suppress evidence found during an inventory search of the defendant's car when the car was towed from a motel parking lot. Id. at 523, 371 S.E.2d at 164. The defendant, a guest at the motel, had been arrested, leaving his car parked in the motel parking lot. Id. at 512, 371 S.E.2d at 158. The police asked the motel clerk if the motel would take responsibility for the car. Id. When she said that it would not, the police had the car towed and conducted an inventory search. Id. at 513, 371 S.E.2d at 158. This Court found that the officer's decision to impound the car was reasonable because it was uncertain whether the defendant, who was under arrest, would return to the motel before his check-out time to retrieve his car and "the motel clerk asked that it be removed." Id. at 523, 371 S.E.2d at 164.

Similarly, in the instant case, a resident of the premises, George, requested that the police tow the truck. As discussed above, the officers reasonably concluded that defendant did not have permission to keep his truck on the premises. Therefore, as in Servis, the officers' decision to tow the truck was lawful and reasonable. As a result, we find that the vehicle was lawfully impounded.

The impoundment and search were also conducted pursuant to standard police procedures. Defendant argues that the impoundment was not conducted pursuant to police department policy because the Sheriff's Department policy states that the Sheriff's Department has no authority over disputes arising from improperly parked vehicles on private property.

However, Deputy Thorson testified about *two* police policies:  a policy regarding disputes arising from vehicles parked on private property and a policy authorizing police to remove or tow a vehicle when the driver is arrested and there is no one else to take custody of the vehicle. Deputy Thorson testified that defendant's truck was towed pursuant to the latter policy.  Deputy Thorson also testified about the Department policy for conducting inventory searches.  The evidence in the record shows that the impoundment and search were both conducted in accordance with these policies.  As a result, we find that the vehicle was impounded and searched pursuant to standard police procedures.

Finally, we hold that there was no improper investigatory motive for the impoundment and search of the vehicle.  Defendant does not argue that the impoundment and search were a pretextual surrogate for an improper investigatory motive, and there is no evidence in the record before us that the impoundment and search were pretextual.

For these reasons, we find that the trial court erred in granting defendant's motion to suppress.  The trial court erroneously held that the community caretaker exception applies only in situations where public safety is at risk.  When properly applied, the community caretaker exception justified the inventory search of defendant's truck.  Thus, we reverse and remand for a trial on the merits, if the Commonwealth be so inclined.

<u>Reversed and remanded.</u>